UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| LESTER NAPIER, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 13-264-JMH |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| FRANCISCO J. QUINTANA, *Warden*, ) | **AND ORDER** |
| ) | |
| Respondent. ) | |
| ) | |

\*\*\*\*     \*\*\*\*     \*\*\*\*     \*\*\*\*

Lester Napier ("Napier") is an inmate confined in the Federal Medical Center in Lexington, Kentucky. Proceeding *pro se*, Napier has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the legality of his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and his enhanced sentence due to a prior drug conviction. Napier has paid the $5.00 filing fee.

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Napier's petition under

a more lenient standard because he is not represented by an attorney, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), accepts his factual allegations as true, and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Having reviewed the petition, the Court must deny it because Napier's claims are not properly raised in a petition under 28 U.S.C. § 2241.

## BACKGROUND

On July 23, 2008, Napier and co-defendant James D. Morgan were charged in a six-count indictment. [*See United States v. Lester Napier, et al.*, Criminal No. 6:08-068-GFVT (E.D. Ky. 2008)]. Napier was charged in Counts 1, 2, 3, 5, and 6. Count 1 charged both defendants with conspiracy to manufacture 100 or more marijuana plants, in violation of 21 U.S.C. § 846; Count 2 charged them with manufacturing 100 or more marijuana plants, in violation of 21 U.S.C. § 841(a)(1); Count 3 charged Napier with possession with intent to distribute less than 50 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1); and Count 5 charged Napier with being a felon in possession of a firearm in and affecting commerce, in violation of 18 U.S.C. § 922(g)(1). In Count 6, the United States charged that this firearm was

subject to forfeiture under 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461.

Initially, Napier pled not guilty to the foregoing charges, but he later entered into a plea agreement with the United States and pled guilty to Counts 1, 2, 5, and 6 of the indictment, while the United States agreed to dismiss Count 3. On September 11, 2008, the United States filed a Notice of Prior Convictions, pursuant to 21 U.S.C. § 851, stating that Napier had a prior drug conviction, which increased the penalty range for his sentence on Counts 1 and 2 from not less than 5 years nor more than 40 years imprisonment to not less than 10 years nor more than life imprisonment. [*Id.*, at R. 20]. Napier was sentenced on February 26, 2009, and received 96-month, concurrent sentences of imprisonment on each of Counts 1, 2, and 5, to be followed by an 8-year term of supervised release. [*Id.*, at R. 41].

Napier did not appeal his conviction or sentence, and he did not collaterally attack his conviction or sentence by filing a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. On August 21, 2013, Napier filed the present habeas petition.

**CLAIMS ASSERTED IN § 2241 PETITION**

Napier's petition is a mixed bag. First, he appears to claim that his counsel was ineffective for advising him to plead guilty to being a felon in possession of a firearm in and affecting commerce (Count 5 of the indictment), when his counsel "knew or should have known" that he was "actually innocent" of that offense as he "did not reside at the location and that he was not in possession of the firearm in question." [R. 1, p. 4]. Napier contends that had his counsel investigated this issue and advised him correctly, the outcome would have been different, and he would have been exonerated on Count 5. [*Id*.]. Based on his statement that he is "actually innocent" of being a felon in possession of the firearm charged in Count 5 of the indictment, Napier may also be challenging the validity of his conviction on that charge, impliedly arguing that, by reason of his counsel's ineffectiveness, his guilty plea thereto was not a knowing, intelligent, and voluntary plea. If he is, in fact, challenging the validity of that conviction, he is requesting that such conviction be vacated and set aside.

Second, he also appears to challenge the sentence imposed on his convictions on Counts 1 and 2 of the indictment, claiming that he is entitled to resentencing and a reduced sentence on those convictions. As grounds for this claim, Napier relies primarily on the Supreme Court's recent decision in *Alleyne v.*

4

*United States*, 133 S. Ct. 2151 (2013), which post-dates the finality of his conviction in the underlying criminal case.

Napier asserts that he is entitled to proceed with these claims in a habeas petition filed under 28 U.S.C. § 2241 because 28 U.S.C. § 2255 is "inadequate and ineffective to test the fundamental legality of the petitioner's detention . . ." [R. 1, p. 1].

## ANALYSIS

Napier is not challenging the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the ambit of § 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Napier appears to challenge the validity of his conviction on Count 5, contending that his guilty plea to Count 5 was not made knowingly and voluntarily, and his enhanced sentence on Counts 1 and 2 of the indictment. Having considered the matter carefully, as more fully set out below, the Court concludes that relief is unavailable to Napier under 28 U.S.C. § 2241 for making the claims raised by Napier's petition.

28 U.S.C. § 2255 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence, not § 2241. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) ("As a general rule, 28 U.S.C. § 2255

5

provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence, *i.e.*, the Bureau of Prisons' calculation of sentence; *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999); credits or other issues affecting the length of his sentence."); *Anderson v. Hogsten*, 487 F. App'x, 283, 2012 WL 5278595*1 (6th Cir. Oct. 26, 2012) (unpublished).

The "savings clause" in § 2255(e) provides a narrow exception to this rule, permitting a prisoner to challenge the legality of his conviction through a § 2241 petition if his remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e). This exception does not apply if a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law or if a prisoner actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles*, 180 F.3d at 756. A prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). However, a defendant may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*,

6

83 F. App'x 728, 729 (6th Cir. 2003). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

**A.   Conviction on Count 5**

Napier appears to claim that his counsel was ineffective for advising him to plead guilty to Count 5, as he is "actually innocent" of that offense. Taking this claim to its logical conclusion, Napier is also requesting that he be permitted to withdraw his guilty plea to Count 5, that Count 5 be dismissed - due to his "actual innocence"- and that he be resentenced without that conviction.

As previously stated herein, this claim essentially attacks the validity of his conviction on Count 5 due to the ineffective assistance of counsel, in that his counsel should have known that Napier was innocent of that charged offense and was ineffective for advising him to plead guilty thereto. This claim is not cognizable in a habeas petition. "Under 28 U.S.C. § 2241, a prisoner may challenge the execution of his sentence or the manner in which his sentence is being served, but can not challenge the conviction or sentence itself." *Lee v. Rios*, 360 F. App'x 625 (6th Cir. 2010) (citing *Ali v. Tenn. Bd. of Pardon & Paroles*, 431 F.3d 896, 897 (6th Cir. 2005). Additionally, even if Napier's conviction on Count 5 were vacated and set

7

aside and he were resentenced without that 96-month sentence he received on Count 5, it would not result in a reduction of his overall sentence, as he also has two other 96-month, concurrent sentences to serve for his conviction on Counts 1 and 2 of the indictment.

The bottom line is that Napier's claim regarding Count 5 can be raised in a § 2255 motion but not in a § 2241 habeas petition. His argument that he is entitled to proceed with this claim in a § 2241 petition because he is "actually innocent" of that offense and his reliance on *Alleyne*, *supra*, is misplaced in that as a result of *Alleyne*, he does not presently stand convicted of 'an act the law does not make criminal.' ". *Carter v. Coakley*, No. 4:13 CV 1270, 2013 WL 3365139, at *3 (N.D. Ohio July 3, 2013) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). In short, *Alleyne* did not decriminalize the offense conduct charged in Count 5 of Napier's indictment. Napier's guilt or innocence to the conduct charged in Count 5 did not change as the result of the *Alleyne* decision.

For these reasons, Napier's claim as to Count 5 is without merit. Although the time in which Napier had to file a § 2255 motion in the trial court has expired, he nevertheless has the option to move the trial court for leave to file a belated § 2255 motion as to his claim concerning his conviction on Count

5 of the indictment.

**B. Conviction on Counts 1 and 2**

Post-trial and prior to sentencing, on September 11, 2008, the United States filed Notice of Prior Conviction, pursuant to 21 U.S.C. § 851, stating that Napier had a prior drug conviction, which increased the penalty range for his sentence on Counts 1 and 2 from not less than 5 years nor more than 40 years imprisonment to not less than 10 years nor more than life imprisonment. [*Id.*, at R. 20 therein] Even so, the Court imposed concurrent 8-year (96 months) sentences on Counts 1 and 2 rather than a 10-year sentence. Napier appears to be claiming that because the prior drug conviction referenced in the Notice of Prior Conviction was not included as an element of the offense that the jury must find beyond a reasonable doubt, he is entitled to resentencing.

As support for his claim, Napier relies chiefly on the Supreme Court's recent decision in *Alleyne*, *supra*, wherein the Supreme Court applied its precedent in *Apprendi* to hold that if the existence of a particular fact would increase the applicable mandatory minimum federal sentence, that fact is an "element" of the crime that the jury must find beyond a reasonable doubt, overruling *Harris v. United States*, 536 U.S. 545 (2002). *Alleyne*, 133 S. Ct. at 2155. *Alleyne* provides no support for

this claim because *Alleyne* does not apply retroactively, *United States v. Potter*, No. 7:13-7290-DCR, 2013 WL 3967960, at *3 (E.D. Ky. July 31, 2013), and does not provide a basis for relief under § 2241, *Luney v. Quintana*, No. 6:13-CV-3-DCR, 2013 WL 3779172, at *3 (E.D. Ky. July 18, 2013). *See also Carter v. Coakley*, No. 4:13 CV 1270, 2013 WL 3365139, at *4 (N.D. Ohio July 3, 2013) (holding that because *Alleyne* is a "sentencing-error case," it "does not decriminalize the acts which form the basis of Petitioner's conviction," and therefore may not serve as a basis for an actual innocence claim to fall within the scope § 2241).

**CONCLUSION**

Because the claims Napier presents in his petition are properly raised in a motion filed pursuant to 28 U.S.C. § 2255 but are not cognizable in a § 2241 habeas petition, it will be dismissed. Nevertheless, Napier still has the option of seeking relief from the trial court via the belated filing of a § 2255 motion.

Accordingly, **IT IS ORDERED** that:

1. Lester Napier's 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED**;

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered this date in favor of the Respondent.

This the 27th day of December, 2013.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge